## WORTHINGTON v. ABBOTT.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF MASSACHUSETTS.

Argued January 19, 1888. — Decided January 30, 1888.

Rolled iron, in straight flat pieces, about twelve feet long, three-eighths of
an inch wide, and three-sixteenths of an inch thick, slightly curved on
their edges, made for the special purpose of making nails, known in
commerce as nail-rods, not bought or sold as bar iron, and not known in
a commercial sense as bar iron, was not dutiable at one and one-half
cents a pound, as "bar iron, rolled or hammered, comprising flats less
than three-eighths of an inch or more than two inches thick, or less than
one inch or more than six inches wide," under §2504 of the Revised
Statutes, (p. 464, 2d ed.,) but was dutiable at one and one-fourth cents a
pound, as "all other descriptions of rolled or hammered iron not other-
wise provided for," under the same section (p. 465).

THIS was an action to recover back an alleged excess of
duties demanded and paid in the revenue district of Boston
and Charlestown. Judgment for plaintiff, to review which
defendant sued out this writ of error.

The case is stated in the opinion of the court.

*Mr. Solicitor General* for plaintiff in error.

*Mr. Charles Levi Woodbury* for defendants in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action brought in the Circuit Court of the United
States for the District of Massachusetts, by the members of
the copartnership firm of Jere. Abbott & Co., against Roland
Worthington, collector of customs, to recover the sum of
$56.11, as an alleged excess of duties on Swedish iron nail-rods
imported by them into the port of Boston. After issue joined,
a jury trial was duly waived and the case was tried by the
court without a jury, and a judgment was entered for the

plaintiffs for the above amount of damages and for costs, to review which the defendant has brought a writ of error.

There is a bill of exceptions, which states that the defendant liquidated the duties on the nail-rods, under § 2504 of the Revised Statutes, Schedule E, (p. 464, 2d. ed.,) as "Bar iron, rolled or hammered, comprising flats less than three-eighths of an inch or more than two inches thick, or less than one inch or more than six inches wide," at one cent and one-half per pound; that the plaintiffs contended that the duties should have been liquidated under the following clause in Schedule E of § 2504 (p. 465): "All other descriptions of rolled or hammered iron not otherwise provided for: one cent and one-fourth per pound;" and that the plaintiffs paid the duties as liquidated under protest, took due appeal to the Secretary of the Treasury, and seasonably brought this action to recover the excess claimed to have been illegally exacted. The bill of exceptions then proceeds:

"It further appeared in evidence at the trial, that the merchandise in controversy was rolled iron, in straight flat pieces, about twelve feet long, three-eighths of an inch wide, and three-sixteenths of an inch thick, slightly curved on their edges, and that they were made for the special purpose of making nails. It further appeared in evidence, that, prior to and in 1874, and subsequently, such iron was known in commerce as nail-rods, and had not been bought or sold as bar iron, and that, in a commercial sense, nail-rods are not known as bar iron; that, in similitude, the iron in question most resembles scroll iron, in its shapes and sizes, but it was not known commercially as scroll iron. The defendant thereupon requested the court to rule, that, in the provision of the statutes under which the duties were liquidated, bar iron, comprising certain sizes and descriptions, was used in the sense of 'iron in bars,' comprising those sizes and descriptions, and was not used in a commercial or technical sense; that, as the iron imported came directly within the statute description of 'bar iron, rolled or hammered, comprising flats less than three-eighths of an inch or more than two inches thick, or less than one inch or more than six inches wide,' the duties were properly assessed

and liquidated; and that, on the evidence in the case, the plaintiffs were not entitled to recover. But the court declined so to rule, and ruled that nail-rods, having acquired a specific commercial designation among traders and importers, and having been designated by a specific name in previous legislation, would not properly come under the general term 'bar iron' in the Revised Statutes, but should be classified as a description of rolled or hammered iron not otherwise provided for, and so subject to a duty of one and one-fourth cents a pound. To which rulings and refusals to rule the defendant then and there duly excepted, and prays that his exceptions may be allowed. The foregoing exceptions presented by the defendant are allowed."

The opinion of the Circuit Court, which accompanies the record, and is reported in 20 Fed. Rep. 495, proceeds upon the ground, that, as the article in question was known commercially as nail-rods, and was not bought or sold as bar iron, and was rolled iron, it did not come within the description of "bar iron, rolled or hammered," but came within the description of "rolled or hammered iron not otherwise provided for."

Although the article in the present case was in straight flat pieces, less than one inch in width and less than three-eighths of an inch in thickness, yet it is distinctly found, that it had not been bought or sold as "bar iron," and was not known in a commercial sense as "bar iron." Therefore, although, in one sense, it might properly have been called "iron in bars," it was not "bar iron," although it was rolled iron. It was known in commerce as "nail-rods;" and it is found that, in a commercial sense, nail-rods were not known as "bar iron." The article, therefore, was a description of rolled iron "not otherwise provided for." The commercial understanding as to the description of the article by Congress must prevail. *Arthur* v. *Morrison*, 96 U. S. 108; *Arthur* v. *Lahey*, 96 U. S. 112.

*The judgment of the Circuit Court is affirmed*