## JUNGE v. HEDDEN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

No. 44.  Argued November 15, 16, 1892. — Decided November 28, 1892.

In construing tariff acts an article may be held to be enumerated, although
not specifically mentioned, if it be designated in a way to distinguish it
from other articles.

*Arthur* v. *Butterfield*, 125 U. S. 170, and *Mason* v. *Robertson*, 139 U. S. 624,
cited and approved.

The meaning of the term " article," when used in a tariff act, considered.

Dental rubber, imported into the United States in 1885 was subject to a
duty of 25 per cent *ad valorem*, as an article composed of india-rubber
not specially enumerated.

THIS was an action to recover an alleged excess of duties
exacted upon importations of dental rubber into the port of
New York in 1885.

The duty was assessed under the paragraph of Schedule N,
of section 2502 of the Revised Statutes, as reënacted by the
act of March 3, 1883, which reads: "Articles composed of
india-rubber, not specially enumerated or provided for in this
act, twenty-five per centum ad valorem."   22 Stat. 488, 513,
c. 121.

The substance of the protests is stated in the record as
follows: " Upon certain 'india-rubber in sheets,' claiming said
goods to be entitled to free entry under the provisions in the
free list for 'india-rubber' crude, act March 3, 1883; or, sec-
ond, if deemed not crude, it is nevertheless not a manufactured
'article of rubber' in the meaning of the law, but is entitled to
free entry under the proviso of sec. 2499 of said act as crude;
or, third, at no more than 20% ad val., as a partially manu-
factured, non-enumerated article, under sec. 2513, act March
3, 1883, (see sec. 23d, act March 2, 1861, as to rubber in sheets,)
and not at 25% ad val. as charged by you."

The proviso of section 2499, and section 2513, thus referred
to, are:

"*Provided*, That non-enumerated articles similar in material and quality and texture, and the use to which they may be applied, to articles on the free list, and in the manufacture of which no dutiable materials are used, shall be free." 22 Stat. 491.

"SEC. 2513. There shall be levied, collected and paid on the importation of all raw or unmanufactured articles, not herein enumerated or provided for, a duty of ten per centum ad valorem ; and all articles manufactured, in whole or in part, not herein enumerated or provided for, a duty of twenty per centum ad valorem." 22 Stat. 523.

Section 23 of the act of March 2, 1861, (12 Stat. 195, c. 68,) the free list, contains this item : " India-rubber, in bottles, slabs or sheets, unmanufactured."

The paragraph of Schedule N of section 2502 of the act of March 3, 1883, under which the collector proceeded, is one of three, reading as follows :

" India-rubber fabrics, composed wholly or in part of india-rubber, not specially enumerated or provided for in this act, thirty per centum ad valorem.

" Articles composed of india-rubber, not specially enumerated or provided for in this act, twenty-five per centum ad valorem.

" India-rubber boots and shoes, twenty-five per centum ad valorem."

In the free list (section 2503) is to be found : " India-rubber, crude and milk of." p. 519.

Upon the trial various exhibits of crude rubber, washed rubber, dental rubber and dental plates, were put in evidence, and the proofs established that these importations were dental rubber, which was commercially so known and fit for dental purposes only.

It further appeared that dental rubber was crude rubber put through a masticator by which it was torn up and shredded into a state of pulp, sulphur and coloring matter added, and the mass rolled into sheets, cut into proper sizes and backed with linen to prevent the pieces from sticking together ; that the heat of the mill, or masticator, was not a vulcanizing heat,

but sufficient to render the rubber elastic. The Circuit Court, Lacombe, J., refused to direct the jury to find for the plaintiff, but on the contrary directed a verdict for the defendant. There was a verdict and judgment accordingly, and plaintiff sued out this writ of error. The opinion of Judge Lacombe will be found in 37 Fed: Rep. 197.

*Mr. Edwin B. Smith* for plaintiff in error.

The question presented is, whether the court below ought not to have directed a verdict for the plaintiff instead of directing one for the defendant.

The *prima facie* presumption in favor of the collector's assessment is easily overcome by an examination of the phraseology of this statute, comparing it with that employed in other tariffs, and with those facts so generally known as to be of judicial cognizance. It will be perceived that there has always been a distinction maintained as to the condition of the rubber itself, whether crude or otherwise; between " boots and shoes " (and other specified things) and unspecified " articles composed of india-rubber " and " india-rubber fabrics " ; this marked difference between the last two being perpetuated — that the " articles " must be composed wholly of rubber, while the " fabrics " might be only in part of that material. 22 Stat. 513 ; Heyl. A. D. 1884, Paragraphs 453, 454, 455 and 724; *Arthur* v. *Davies*, 96 U. S. 135; *Beard* v. *Nichols*, 120 U. S. 260; *Lawrence* v. *Allen*, 7 How. 792; Act of July 14, 1832, 4 Stat. 583, 590, c. 227, § 3 ; Act of March 2, 1833, 4 Stat. 632, c. 57 ; Act of September 11, 1841, 5 Stat. 463 ; Act of August 30, 1842, 5 Stat. 548, 555, c. 270, § 5 ; Act of July 30, 1846, 9 Stat. 42, 45, 48, c. 74, Schedules C and G ; Act of March 3, 1857, 11 Stat. 192, c. 98 ; Act of March 2, 1861, 12 Stat. 178, c. 68 ; Act of August 5, 1861, 12 Stat. 292, c. 45 ; Act of July 14, 1862, 12 Stat. 543, 552, 556, 557, c. 163 ; Act of June 6, 1872, 17 Stat. 230, 232, c. 315.

As a result of the comparison of the previous legislation with that under which these duties were assessed, we maintain :

(1) That there is a distinction made in all between raw rubber crude, which is free, and raw rubber purified, which is dutiable as unmanufactured. *Recknagel* v. *Murphy*, 102 U. S. 197.

(2) That a distinction is created, or recognized, between partially india-rubber "fabrics," and those "articles" of which it is the sole component. That the word "articles" might include alike those of a specified substance, manufactured or unmanufactured, may be true (as, in § 2500, it includes everything capable of being imported); but such extended, comprehensive meaning, in the present connection, is negatived by the immediately precedent use of the word "fabrics," which might otherwise be lexicographically included therein.

Neither is it at all pertinent to the construction of this paragraph that, in other parts of the statute, the context requires or indicates the comprehensive meaning. *United States* v. *Fisher*, 2 Cranch, 358, 387. Where lexicographers and common speech affix several meanings to any word, that one must be adopted in construing a statute which best accords with the context, and with its ordinary use with relation to that subject matter. While all fabrics and all manufactures may be "articles," some articles are neither, and many manufactures are not fabrics. *Movius* v. *Arthur*, 95 U. S. 144, 147; *Barber* v. *Schell*, 107 U. S. 617, 621.

Nobody has ever suggested that our importations were "fabrics." We did not so import, nor the Government so duty them. But we have elaborated the distinction in order to show that "articles" in the next clause (wrongly applied to our importations) has not the general, comprehensive meaning assigned to it by the collector and the court. The specific designation of "india-rubber boots and shoes" at the same rate as "articles," shows that it was not deemed possible to classify them as "fabrics," nor to duty them as "articles" when not wholly of rubber — which for many years they have seldom been, although they were so originally. *Lawrence* v. *Allen*, 7 How. 785.

(3) The manipulation and the combination of the several constituents left the resulting article still rubber. Independ-

ent patents, for the process and the product have both been declared valid, because the new process resulted in a new and useful article. *Goodyear* v. *Wait*, 5 Blatchford, 468, 470; *Goodyear* v. *Day*, 2 Wall. Jr. C. C. 283, 295.

The cause at bar comes within the principle of *Meyer* v. *Arthur*, 91 U. S. 570, and those in which the admixture has not substantially changed the character of the ingredients. In the Meyer case, lead had, by the mere application of heat, lost its metallic character. In ours, the same mysterious chemical agent conferred upon the rubber and sulphur a metallic character.

We do not assent to the proposition of the court below that the enumeration of "articles of rubber" must not be restricted to those substantially of rubber, though an immaterial addition of some other substance might be inconsequential. An article made of rubber and other ingredients cannot be said to be a manufacture of the one component any more than the other; especially (as already noted) where the other substances fundamentally change the character of the rubber, in its essential qualities. With or without the word " wholly " india-rubber is as much a designation "of quality and material" as is the word "cotton." *Barber* v. *Schell*, 107 U. S. 617, 621.

When Congress does not intend that the import shall be entirely of the specified material, it indicates such intention by use of the words " or of which it is a component," or (as in the clause relating to fabrics of india-rubber) by saying "wholly or in part," or some such equivalent expression. The word " wholly " is superfluous except when used in connection with. " or in part."

Our goods were made either of rubber and sulphur, or of these materials with one-fourth value of coloring matter. The rubber (as a raw material) is free. This makes section 2513 of the act of 1883 applicable to our goods upon the reasoning of the court in *Hartranft* v. *Sheppard*, 125 U. S. 337, 338.

*Mr. Assistant Attorney General Maury* for defendant in error.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

In *Arthur* v. *Butterfield*, 125 U. S. 70, 76, it was said by Mr. Justice Field, speaking for the court : " To place articles among those designated as enumerated, it is not necessary that they should be specifically mentioned. It is sufficient that they are designated in any way to distinguish them from other articles." And this language was quoted with approval as defining the general scope of the similitude clause in the customs acts, in *Mason* v. *Robertson*, 139 U. S. 624, 627, in which it was held that bichromate of soda was subject to the duty of twenty-five per centum ad valorem imposed under the act of March 3, 1883, c. 121, upon " all chemical compounds and salts, by whatever name known," and not subject, by virtue of the similitude clause, to the duty of three cents per pound imposed on bichromate of potash.

If these importations should be held as enumerated, within the rule thus laid down, then sections 2499 and 2513 have no application. And this is no more than to inquire whether they came within the paragraph prescribing the tax on " articles composed of india-rubber."

In common usage, " article " is applied to almost every separate substance or material, whether as a member of a class, or as a particular substance or commodity.

The learned Circuit Judge was of opinion that the word " articles " was used in this paragraph in a broad sense, and covered equally things manufactured, things unmanufactured and things partially manufactured, and he sustained this view by reference to the use of the word elsewhere in the statute. Thus, in section 2500, relating to reimportations, they are referred to as " articles once exported of the growth, product or manufacture of the United States." Section 2502 commences : " There shall be levied, collected and paid upon all articles imported from foreign countries, and mentioned in the schedules herein contained, the rates of duty," etc. Section 2503 reads: " The following articles when imported shall be exempt from duty," and then follows the free list, including

"articles imported for the use of the United States," and "articles, the growth, produce and manufacture of the United States." We agree with the Circuit Court that the word must be taken comprehensively and cannot be restricted to articles put in condition for final use, but embmeostas well things manufactured only in part, or not at all.

But it is said that this dental rubber is not " composed of india-rubber " within the intent and meaning of the statute, because of the admixture of sulphur and coloring matter, or, in other words, that it is not wholly so composed. The prior tariff act in § 2504 of the Revised Statutes (Rev. Stat. 477) contained the same paragraph as that under consideration, except that it read, " articles composed wholly of india-rubber." The preceding paragraph related to " braces, suspenders, webbing or other fabrics, composed wholly or in part of india-rubber." The act of 1883 retained the words " wholly or in part " as applied to fabrics, but omitted the word " wholly " in connection with articles. It is not to be doubted that this omission was advisedly made. The manifest intention was that articles of india-rubber should not escape the prescribed taxation because of having been subjected to treatment fitting them for a particular use, but not changing their essential character.

Such is the fact with the article in question. It has not lost its identity by a chemical change, and become a new and different species. It is not crude rubber, nor milk of rubber, nor is it a fabric of rubber, but it is rubber rendered elastic and more attractive by coloring.

Nor are we impressed with the argument that, being rubber itself, it must be regarded as a material and not an article composed of rubber, for its adaptation to dental purposes has differentiated it commercially. Washing and scouring wool does not make the resulting wool a manufacture of wool; cleaning and ginning cotton does not make the resulting cotton a manufacture of cotton; but sulphur and coloring matter, when applied as here, make the resulting rubber, while still remaining rubber, an article of rubber as contradistinguished from rubber crude or rubber merely cleansed of impurities. *Judgment affirmed.*