FIELD et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit.)

No. 248.

CUSTOMS DUTIES—CLASSIFICATION—WHITE FRILLED MUSLINS.

Cotton muslin in pieces 30 yards by 30 inches, having hemmed to one edge a frill about three inches wide, with an embroidered, scalloped, or fancy border, and known to the trade as "white frilled muslins," and not as "ruffled flouncings or embroideries," was dutiable at 60 per cent. ad valorem, under paragraph 373 of the act of 1890, as "articles embroidered by hand or machinery," and not at 40 per cent., under paragraph 355, as "manufactures of cotton not especially provided for."

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

The appellants Marshall Field and others imported and entered at the port of Chicago in December, 1893, certain merchandise, composed entirely of cotton, upon which the collector of the port imposed and collected a duty of 60 per cent. ad valorem, as "cotton embroideries," under paragraph 373 of Schedule J of the tariff act of October 1, 1890 (26 Stat. 594, c. 1244), which is as follows: "Laces, edgings, embroideries, insertings, neck rufflings, ruchings, trimmings, tuckings, lace window-curtains and other similar tamboured articles, and articles embroidered by hand or machinery, embroidered and hem-stitched handkerchiefs, and articles made wholly or in part of lace, rufflings, tuckings or ruchings, all of the above named articles, composed of flax, jute, cotton, or other vegetable fibre, or of which these substances or either of them, or a mixture of any of them is the component material of chief value, not specially provided for in this act, sixty per cent. ad valorem. Provided, that articles of wearing apparel, and textile fabrics, when embroidered by hand or machinery, and whether specially or otherwise provided for in this act, shall not pay a less rate of duty than that fixed by the respective paragraphs and schedules of this act upon embroideries of the materials of which they are respectively composed." The importers claim that the merchandise was subject to duty under paragraph 355 of Schedule I of that act, which is as follows: "Cotton damask, in the piece or otherwise, and all manufactures of cotton not specially provided for in this act, forty per centum ad valorem." The duty imposed was paid under protest, and the question was reviewed by the board of general appraisers sitting at New York, and the decision of the collector approved and affirmed. The importers thereupon, pursuant to statute in that behalf, filed in the court below their application for review of the decision of the board of general appraisers. Under that application further evidence was taken, and at the hearing the court below found: (1) That the goods are as invoiced,—white frilled muslins made of cotton; that they are not textile fabrics, but an article of imported merchandise, embroidered. (2) That they are known in trade in this country as "white frilled muslins," and not as "ruffled flouncings," nor are they recognized or known in trade as "embroideries." And thereupon the court affirmed the decision of the board of general appraisers, which decree of the court is here for review upon this appeal.

N. W. Bliss, for appellant.

J. C. Black, for appellee.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

JENKINS, Circuit Judge, after statement of the case, delivered the opinion of the court.

It was declared by the supreme court in Robertson v. Salomon, 130 U. S. 412, 414, 9 Sup. Ct. 559, that "the commercial designation, as we have frequently decided, is the first and most important desig-

ℓation to be ascertained in settling the meaning and application of the tariff laws." See Arthur v. Lahey, 96 U. S. 112, 118; Barber v. Schell, 107 U. S. 617, 623, 2 Sup. Ct. 301; Worthington v. Abbott, 124 U. S. 434, 436, 8 Sup. Ct. 562; Arthur's Ex'rs v. Butterfield, 125 U. S. 70, 75, 8 Sup. Ct. 714. The cases of Curtis v. Martin, 3 How. 106; Arthur v. Morrison, 96 U. S. 108; and Worthington v. Abbott, 124 U. S. 435, 8 Sup. Ct. 562,—are interesting as furnishing instances of the practical application of this rule. The same canon of construction is announced in Rossman v. Hedden, 145 U. S. 561, 12 Sup. Ct. 925; Cadwalader v. Zeh, 151 U. S. 171, 14 Sup. Ct. 288; and by this court in U. S. v. Field, 9 U. S. App. 460, 4 C. C. A. 371, and 54 Fed. 367. It was found by the court below that the merchandise in question is not known to the trade as "ruffled flouncing," nor as "embroideries"; that it is not a textile fabric, but is an article of imported merchandise, embroidered, and is known to the trade as "white frilled muslins." The merchandise is cotton muslin in pieces of about 30 yards in length and 30 inches in width, having hemmed to one edge a frill about 3 inches wide, composed of the same material, with an embroidered, scalloped, or fancy border. The question, therefore, is whether this merchandise is "an article embroidered by hand or machinery," under paragraph 373, or a "manufacture of cotton not otherwise provided for." Being unknown to the trade as "embroideries," it cannot be comprehended under that designation in paragraph 373. This then results: that the merchandise is not included within that provision, unless under the designation, "articles embroidered by hand or machinery." Does the word "article," as there employed, mean a completed piece or a particular commodity? Without doubt, a word may, in the same act, be employed both in its general and its restricted sense; and because, in one or more instances, it may be used in a definite sense, it does not necessarily result that it is employed in that sense throughout the act. If, from the context, it appears that the word is used in a restricted sense, it should be given a restricted meaning. The enacting clause of the tariff act of 1890 provides that there should be levied upon articles imported from foreign countries a specific rate of duty prescribed by the schedule. So, also, in section 2, certain specific articles are exempted from duty. In these instances the word "article" is undoubtedly employed in its general sense, as meaning "commodity." In various paragraphs of the act the word is no less clearly employed in its restricted sense, signifying a completed piece. In some instances, as in paragraph 493, it is employed to comprehend both the general and the restricted sense. The context of this particular provision must furnish the clue to the sense in which the word is employed in paragraph 373. The provision speaks of "laces, edgings, insertings, neck-rufflings, ruches, tuckings, lace window-curtains and other similar tamboured articles." These, it is stated, are imported in the piece, and sold by the yard, although lace window curtains are also sold by the set. The correct interpretation of the language here employed includes tamboured articles similar to laces, edgings, etc., whether sold by the yard, or as a completed article. The word "article," as employed in this particular clause,

should therefore be construed in its general sense, as indicating a commodity. Then follows the phrase, "articles embroidered by hand or machinery." We observe no reason to declare the word is here used in its restricted sense, to indicate a completed article. It is not used in an analogous sense, requiring a strict construction of its meaning. This paragraph was considered by the circuit court of appeals of the Second circuit in Lahey v. U. S., 18 C. C. A. 341, 71 Fed. 870, where it was said that this paragraph treated of embroideries more elaborately than the preceding acts had done, and that its intent was to place a high duty upon cotton, jute, and flax articles and textile fabrics which are embroidered. In that case tamboured cotton or muslin sash curtains in the piece were held to be comprehended within the phrase, "other similar tamboured articles." The distinction between tambouring and embroidering is there pointed out to consist in the number of needles employed in the work. The phrase, "and articles embroidered by hand or machinery," would include all goods embroidered, whether a completed article or remaining in the piece. The word is used in its comprehensive sense. This construction comports with the spirit of the act, and accords with the ruling in the case referred to. While not technically known to the trade as "embroideries," the merchandise here is an article of commerce "embroidered by hand or machinery," within the intendment of the act. The decree will be affirmed.

CUSTOMS DUTIES—CLASSIFICATION—COTTON ELASTIC CORDS.

