WHEELOCK et al. v. UNITED STATES. (Circuit Court, S. D. New York. April 21, 1902.)

COXE, District Judge. The decision of the board of general appraisers is reversed; the question involved being the same as in the case of Milne v. U. S. (just decided) 115 Fed. 410.

---

In re BAIRD et al. In re EMPORIUM FURNACE CO. (District Court, E. D. Pennsylvania. May 15, 1902.) Nos. 852, 859. Application of Juniata Limestone Company for Dissolution of Restraining Order. Saml. W. Cooper, Hazard Dickson, and John Dickey, for trustee. Thos. J. Baldridge, for creditor.

J. B. McPHERSON, District Judge. In passing upon the report of the special referee in March of last year, I did not find it necessary to decide the question of fact whether the iron in controversy was the property of the Emporium Furnace Company or of Chester R. Baird & Co. It now appears, however, that there was more iron on storage than the 10,600 tons that had been pledged before the Juniata Limestone Company levied its execution, and to this surplus the limestone company asserts title by virtue of the sheriff's sale under its writ. The writ was against the Emporium Furnace Company, and the question is now raised whether the special referee was right in deciding that the iron was the property of Chester R. Baird & Co. If it was, the limestone company acquired no title by the sale, and has no right to the relief now asked. I have accordingly examined the testimony on this point, and agree with the conclusion of the referee "that the iron in question, at the time of the sheriff's sale, belonged to the said C. R. Baird & Co., the said iron having been sold and delivered to them, and that such ownership was subject to the rights of the holders of the said receipts (storage warrants) to be repaid such sums as were due or to become due on their several notes, and that the surplus or excess, if any, of said iron, either remaining after the payment of said sums or not covered by said receipts, pledged as collateral as aforesaid, was the property of the said C. R. Baird & Co." It follows that the present application must be refused.

---

STATE TRUST CO. et al. v. KANSAS CITY, P. & G. R. CO. et al. (TURNER, Intervener). (District Court, W. D. Arkansas, Ft. Smith Division. May 1, 1902.) Scott, Lake & Head, for intervener. Read & McDonough, for railway.

ROGERS, District Judge. The questions involved in this case are determined by the opinion rendered in State Trust Co. v. Kansas City, P. & G. R. Co. (decided at this term) 115 Fed. 367. The judgment is in favor of the intervener, Matilda Turner, for the full amount of her judgment, interest, and costs, and that the same be ordered paid by the Kansas City Southern Railway Company.