## JULES & HUGO ROSENBERG v. UNITED STATES.

(Circuit Court, S. D. New York. May 18, 1905.)

### No. 3,740.

CUSTOMS DUTIES—CLASSIFICATION—METAL THREAD ARTICLES—FABRICS IN THE PIECE.

The principle of ejusdem generis does not operate to exclude metal thread fabrics in the piece from the provision in paragraph 179, Schedule C, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 166 [U. S. Comp. St. 1901, p. 1644], for "articles made wholly or in chief value of * * * metal threads," following the enumeration of metal thread laces, embroideries, trimmings and narrow fabrics of various descriptions.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision in question, in which the Board affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Jules & Hugo Rosenberg, reads as follows:

FISCHER, General Appraiser. The merchandise in question consists of laces, braids, ribbons, trimmings, galloons, fringes, and woven fabrics in the piece, such as cloth or netting, all made wholly or in chief value of metal thread. Duty was assessed thereon at the rate of 60 per cent. ad valorem under the provisions of paragraph 179, Schedule C, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 166 [U. S. Comp. St. 1901, p. 1644], which reads in part as follows: "Laces, embroideries, braids, galloons, trimmings, or other articles, made wholly or in chief value of tinsel wire, lame, or lahn, bullions or metal threads, sixty per centum ad valorem."

The importers do not dispute that metal thread is the component material of chief value in the articles, and they confine their claim to the goods in the piece; their proposition being that such goods are not ejusdem generis with the other articles mentioned in said paragraph, and that they are properly dutiable at 45 per cent. under paragraph 193, Schedule C, § 1, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645], or at 45 per cent. under paragraph 322,

Schedule I, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661], or paragraph 347,. Schedule J, 30 Stat. 182 [U. S. Comp. St. 1901, p. 1664], of said act.

We are of the opinion that the contention of the importers is not well founded. It would be an unreasonable straining of the doctrine relied upon to hold that metal thread goods in the piece are not ejusdem generis with the articles denominatively provided for in paragraph 179. They are of the same material and composition, are intended for the same ultimate use, and are not elsewhere specifically provided for. That the word "articles" is broad enough to cover piece goods is no longer open to question. See Junge v. Hedden, 146 U. S. 233, 13 Sup. Ct. 88, 36 L. Ed. 953, and Arthur v. Butterfield, 125 U. S. 70, 8 Sup. Ct. 714, 31 L. Ed. 643. Note, also, G. A. 4,734, T. D. 22,381.

The protests are overruled, and the decision of the collector affirmed, in each case.

Walden & Webster (Henry J. Webster, of counsel), for importers.. Charles Duane Baker, Asst. U. S. Atty.

TOWNSEND, Circuit Judge (orally). The merchandise in question consists of certain fabrics, assessed for duty under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 179,. 30 Stat. 166 [U. S. Comp. St. 1901, p. 1644], for "articles made wholly or in chief value of * * * metal threads." The importers protested, claiming that the merchandise should have been classified as manufactures of metal, under paragraph 193 (30 Stat. 167 [U. S. Comp. St. 1901, p. 1645]) of said act.

Decision affirmed, on the opinion of the Board of Appraisers.