## G. HIRSCH'S SONS v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

### No. 132 (4,776).

1. CUSTOMS DUTIES (§ 26*)—CLASSIFICATION—METAL THREAD FABRICS—"ARTICLES."

The word "article," when used in a tariff law, should be given a broad, liberal meaning; and in Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 179, 30 Stat. 166 (U. S. Comp. St. 1901, p. 1644), relating to "laces, embroideries * * * or other articles" of metal threads, the doctrine of ejusdem generis does not operate to exclude fabrics in the piece from classification as "articles" under that provision.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 59; Dec. Dig. § 26.*

For other definitions, see Words and Phrases, vol. 1, pp. 511–515.]

2. CUSTOMS DUTIES (§ 26*) — SPECIFIC DESIGNATION — "ARTICLES IN CHIEF VALUE OF METAL THREADS."

Fabrics in the piece, composed chiefly of metal thread, but in part of silk, are more specifically enumerated in Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 179, 30 Stat. 166 (U. S. Comp. St. 1901, p. 1644), as "articles * * * in chief value of * * * metal threads," than under Schedule L, par. 387, 30 Stat. 186 (U. S. Comp. St. 1901, p. 1669), as "woven fabrics in the piece, not specially provided for, * * * weighing not less than one and one-third ounces per square yard and not more than eight ounces per square yard, * * * dyed in the thread or yarn, and containing not more than thirty per centum in weight of silk, * * * if other than black."

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. §§ 48–59; Dec. Dig. § 26.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] U. S. Comp. St. 1901, p. 547.

Appeal from the Circuit Court of the United States for the Southern District of New York.

The Board of General Appraisers (G. A. 6,498, T. D. 27,780) affirmed the action of the collector in assessing the importers' merchandise under Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 179, 30 Stat. 166 (U. S. Comp. St. 1901, p. 1644).

The following is the opinion of Hazel, District Judge, in the court below:

The merchandise consists of woven fabrics in the piece, being Exhibits 3, 4, and 5 in evidence, and is composed of a silk warp and a thread of metal weft; the metal thread admittedly being the component of chief value. The pieces of fabric weigh between 1⅓ and 8 ounces per square yard, and they were assessed for duty by the collector, under paragraph 179 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 166 [U. S. Comp. St. 1901, p. 1644]), at 60 per centum ad valorem. The importers claim that the importation is dutiable under paragraph 387 (Schedule L, 30 Stat. 186 [U. S. Comp. St. 1901, p. 1669]) at 50 per centum ad valorem. The decision of the board was that paragraph 387 is clearly limited to woven fabrics in chief value of silk, and neither expressly nor inferentially are the woven fabrics in the piece in controversy included therein.

The case of Rosenberg v. United States (C. C.) 141 Fed. 379, seems to support this conclusion, and also holds that the articles mentioned in paragraph 179, which reads as follows: "179. * * * laces, embroideries, braids, galloons, trimmings or other articles, made wholly or in chief value of tinsel wire, lame or lahn, bullions, or metal threads," etc.—are ejusdem generis with the merchandise in question. I am satisfied with this ruling and believe it to apply to the point presented. I concur in the reasoning of the board by which its conclusions on the disputed questions are reached.

The protests are overruled, and the decision of the Board of General Appraisers is affirmed.

Comstock & Washburn (J. Stuart Tompkins, of counsel), for appellants.

J. Osgood Nichols, Asst. U. S. Atty.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The merchandise in question consists of woven fabrics used for making dresses and hats. It is imported in the piece, three-fourths of a yard in width, weighing between 1⅓ ounces and 8 ounces per square yard, and is composed of a silk warp and metal-thread weft, the metal thread being the component of chief value. The collector imposed a duty of 60 per cent. ad valorem under Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 179, 30 Stat. 166 (U. S. Comp. St. 1901, p. 1644), which, so far as applicable, reads as follows:

"Laces, embroideries, braids, galloons, trimmings, or other articles, made wholly or in chief value of tinsel wire, lame or lahn, bullions, or metal threads, sixty per centum ad valorem."

The importers insist that duty should have been assessed under paragraph 387 (Schedule L, 30 Stat. 186 [U. S. Comp. St. 1901, p. 1669]), the applicable portions of which are as follows:

"Woven fabrics in the piece, not specially provided for in this act, weighing not less than one and one-third 'ounces per square yard and not more than eight ounces per square yard, * * * dyed in the thread or yarn, and con-

taining not more than thirty per centum in weight of silk, * * * if other than black, ninety cents per pound; * * * but in no case shall any of the foregoing fabrics in this paragraph pay a less rate of duty than fifty per centum ad valorem."

The question presented is a most perplexing one, owing to the difficulty in placing piece goods three-quarters of a yard in width in a paragraph providing for laces, embroideries, braids, galloons, and trimmings.

Were this a case of first impressions, the application of the doctrine of ejusdem generis would seem to restrict the paragraph to articles of the same nature, as laces, embroideries, etc., which are not suitable for making dresses but are intended to be placed upon the dress when completed to give it additional beauty and symmetry. So construed the paragraph would read, "laces, embroideries, braids, galloons, trimmings, or other similar articles," and would exclude wide piece goods. The question, however, is not a new one, and was in June, 1905, decided by the Circuit Court adversely to the contention of the importers Rosenberg v. United States (C. C.) 141 Fed. 379.

The word "articles" when used in a tariff law should be given a broad, liberal meaning, and in Junge v. Hedden, 146 U. S. 233, 239, 13 Sup. Ct. 88, 89, 36 L. Ed. 953, the court say:

"We agree with the Circuit Court that the word [articles] must be taken comprehensively and cannot be restricted to articles put in condition for final use, but embraces as well things manufactured only in part, or not at all."

If, then, the words "other articles" are comprehensive enough to cover piece goods made "in chief value of metal threads," and under these decisions we think they are, it follows that paragraph 179 accurately describes the imported merchandise. To hold otherwise would throw the silk schedule (387) into confusion by forcing into it an apparently alien article made in part of metal threads which represent three-fourths of its value.

After giving due consideration to the various contentions of the parties we incline to the opinion that Congress intended to cover by paragraph 179 all fabrics made wholly or in chief value of tinsel wire, lame or lahn, bullions or metal threads, without regard to the width or length of the fabric or the other materials composing it. We do not overlook the fact that this construction makes the paragraph read precisely as if the words "laces, embroideries, braids, galloons, trimmings, or other," were omitted, but this is a situation frequently encountered in tariff legislation.

The construction adopted by us, though not entirely free from doubt, has in our judgment fewer difficulties to overcome than the construction urged by the importers.

The decision of the Circuit Court is affirmed.