## HORSTMAN Co. *v.* UNITED STATES (No. 1589).[1]

METAL THREADS—EPAULETS—MILITARY ORNAMENTS.

Epaulets (military ornaments) composed in chief value of metal threads are more specifically classifiable as " ornaments ; * * * of whatever yarns, threads, or filaments composed," under paragraph 358, tariff act of 1913, than as " articles made wholly or in chief value of * * * metal threads, not specially provided for," under the provisions of paragraph 150 of the act.

United States Court of Customs Appeals, December 6, 1915.

APPEAL from Board of United States General Appraisers, Abstract 38035.

[Affirmed.]

*Comstock & Washburn* (*Albert H. Washburn* and *J. Stuart Tompkins* of counsel) for appellants.

*Bert Hanson*, Assistant Attorney General (*Thomas J. Doherty*, special attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal concerns the dutiable classification of certain military epaulets. They were reported by the appraiser and returned by the collector at the port of Philadelphia as composed in chief value of metal threads. The Board of General Appraisers so found. Counsel for the importers, who are appellants in this court, open their brief with the statement: " There is no dispute in this case about the facts. The merchandise consisted of epaulets—military ornaments—composed in chief value of metal threads * * *." The court, therefore, must assume this as a fact in the case and so does.

---

[1] Reported in T. D. 35986 (29 Treas. Dec., 742).

The issue here tendered is whether or not the articles are properly dutiable, as assessed by the collector and held by the Board of General Appraisers, as "ornaments; * * * of whatever yarns, threads, or filaments composed," under paragraph 358 of the tariff act of 1913, or as "articles, made wholly or in chief value of * * * metal threads, not specially provided for," under the provisions of paragraph 150 of the act. The board overruled the protest and affirmed the decision of the collector.

The primary issue tendered by appellants is that metal thread is not such a "thread" as contemplated in the quoted phrase limiting the application of said paragraph 358. We are unable to sustain this contention. Congress, in the paragraph invoked by appellants, speaks of "metal threads," thereby recognizing metal threads as a class of threads within contemplation of the act. Customs law abounds with similar declarations and uniformly assumes metal threads to be one of the classes of threads contemplated by tariff legislation.

Aside from the legislative recognition they have frequently been recognized as such in customs interpretation. Customs adjudication has uniformly recognized that metal threads are used for precisely the same purposes as the threads composed wholly of animal or vegetable fibers. They are braided or woven into braids (Wolff *v.* United States, 71 Fed., 291); they are woven into Jacquard figured tapestry (G. A. 4644, T. D. 21945); they are made into nettings on looms or netting machines (G. A. 4734, T. D. 22381); they are used in embroidery (G. A. 5087, T. D. 23555); they are woven into cloth (Jules & Hugo Rosenberg *v.* United States, 141 Fed., 379); Hirsch *v.* United States, 167 Fed., 309). See also Tyler *v.* United States (6 Ct. Cust. Appls., 158; T. D. 35433). What constitutes a metal thread is not, for the reasons stated here, made an issue.

It being assumed, therefore, that the imported articles are in chief value of metal threads the issue is as stated. The cognate legislation is found in the quoted parts of paragraphs 150 and 358, *supra*, and the provisions of paragraph 356 for "millinery, military, and hair ornaments."

Inasmuch as the rates of duty under paragraph 356 are the same, no issue was made in this case as between said paragraphs.

Their relative provisions, however, are pertinent. They were so considered *obiter* in Lowenthal & Co. *v.* United States (6 Ct. Cust. Appls., 209; T. D. 35464). In the course of that decision it became necessary to decide and we decided: "We are therefore driven to the interpretation adopted, that the articles and fabrics within paragraph 358 must be in chief value of threads, yarns, or filaments, of which these goods are not; but that, being in chief of beads, they fall for dutiable purposes within paragraph 353." With that

limitation upon the provisions of paragraph 358 and by a parity of reasoning, military ornaments not in chief value of threads, yarns, or filaments would fall for dutiable purposes in paragraph 356. Having concluded, however, upon the facts assumed in the case that these articles are in chief value of metal threads, they are within the very terms of paragraph 358, unless the provisions of paragraph 150 are more specific. The provisions of the latter paragraph are descriptive and general; the provisions of the former *eo nomine*. Wherefor the conclusion necessary is that they are more specifically provided for by paragraph 358.

The legislative course is instructive. The predecessor paragraph to 150 in the tariff act of 1913 was paragraph 179 of the tariff act of 1909. The latter specifically provided for " ornaments, * * * made wholly or in chief value of tinsel wire, lame or lahn, bullions, or metal threads." The tariff act of 1913 omitted this *eo nomine* designation, " ornaments," but inserted in the jewelry paragraph an *eo nomine* provision for military ornaments, and the provision for ornaments of whatever threads composed in paragraph 358. The express elimination of that *eo nomine* provision from the language of the predecessor paragraph in the enactment of paragraph 150 and its insertion in other paragraphs, as above stated, would seem to indicate the clear intention upon the part of Congress that such articles should not be thereafter classified under paragraph 150. For these reasons we are of the opinion that the decision of the Board of General Appraisers should be, and it is, *affirmed*.