Lussky, White & Coolidge, Inc. *v.* United States (No. 3596)[1]

United States Court of Customs and Patent Appeals, October 30, 1933

*James R. Ryan* (*David D. Stansbury* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*John F. Kavanagh*, special attorney, of counsel), for the United States.

[Oral argument October 3, 1933, by Mr. Ryan and Mr. Lawrence]

Before Graham, Presiding Judge, and Bland, Hatfield, Garrett, and Lenroot, Associate Judges

Hatfield, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

Certain cotton Jacquard-figured upholstery cloth, imported "in the piece" in lengths of approximately 50 to 60 yards, was assessed for duty by the collector at the port of Chicago at 55 per centum ad valorem under paragraph 908 and, in addition thereto, at 10 cents per pound "on the cotton contained therein having a staple of one and one eighth inches or more in length" under paragraph 924 of the Tariff Act of 1930.

Par. 908. Tapestries and other Jacquard-figured upholstery cloths (not including pile fabrics or bed ticking) in the piece or otherwise, wholly or in chief value of cotton or other vegetable fiber, 55 per centum ad valorem.

Par. 924. All the articles enumerated or described in this schedule (except in paragraph 922) shall be subject to an additional duty of 10 cents per pound on

1 T.D. 46727.

the cotton contained therein having a staple of one and one eighth inches or more in length.

The importer protested the collector's classification and contended in the court below, and contends here, that although the merchandise is dutiable at 55 per centum ad valorem under paragraph 908, *supra*, as assessed by the collector, it is not subject to the additional duty of 10 cents per pound provided for in paragraph 924.

In support of their contentions counsel for appellant argue that the term "articles", contained in paragraph 924, was intended by the Congress to be limited, in addition to the other limitations contained in that paragraph, to such articles only as are made from cotton cloth, and to exclude therefrom all cotton cloth "in the piece", and that such intention is manifested by the provisions of paragraph 903 (a), which read:

PAR. 903. (a) The term "cotton cloth", or "cloth", wherever used in this schedule, unless otherwise specially provided for, shall be held to include all woven fabrics of cotton, in the piece, whether figured, fancy, or plain, and shall not include any article, finished or unfinished, made from cotton cloth.

It is conceded by counsel for appellant that were it not for the provisions contained in paragraph 903 (a) the involved merchandise would be included within the term "articles", contained in paragraph 924.

In its decision overruling the protests the court below, in an opinion by Kincheloe, Judge, held that, in a tariff sense, the term "articles" is sufficiently comprehensive to include, as stated by the Supreme Court in the case of *Junge* v. *Hedden*, 146 U.S. 233–238, "almost every separate substance or material, whether as a member of a class, or as a particular substance or commodity", except where the Congress has indicated that the term shall have a narrower signification. In support of that proposition, the court below cited the following cases: *Junge* v. *Hedden*, *supra*; *Wilmerding & Bisset et al.*, G.A. 4120, T:D. 19199; *United States* v. *Einstein*, 78 Fed. 797; *Field* v. *United States*, 73 Fed. 808; *Stiner & Son* v. *United States*, 5 Ct. Cust. Appls. 246, T.D. 34428; *United States* v. *Max Littwitz, Inc.*, 18 C.C.P.A. (Customs) 341, T.D. 44588.

That the trial court has correctly stated the rule we have no doubt.

The court below further held that paragraph 903 (a) was not intended to limit the scope of the term "articles", contained in paragraph 924, and, in disposing of the contentions of counsel for appellant, hereinbefore set forth, among other things, said:

The above reasoning, it seems to us, is not very sound or convincing, especially when it would result in levying the additional duty under said paragraph 924 on all articles made from cotton cloth containing long-staple cotton and exempting from the operation of the same paragraph all cotton cloth, or cloth, from which

such articles are made—an incongruity which can hardly be ascribed to Congress from the context of the two paragraphs in question.

As we read paragraph 903 (a) we fail to discover anything in it as a definition or rule of construction which precludes cotton cloth, or cloth, from being considered as an article or articles within the intent and purview of said paragraph 924. * * *

We are in entire accord with the views of the court below, as expressed in the excerpt quoted from its opinion.

We find nothing to indicate that the Congress intended, by the provisions of paragraph 903 (a), to add to the express limitations placed upon the application of the term "articles" by the provisions of paragraph 924.

The judgment is *affirmed.*