JUNGE *v.* HEDDEN.

(*Circuit Court, S. D. New York.* January 9, 1889.)

1. CUSTOMS DUTIES—CLASSIFICATION—DENTAL RUBBER.

The article known as "Dental Rubber," and used for making the plates in which false teeth are set, is dutiable at 25 per cent. *ad valorem* under Schedule N of the tariff act of March 3, 1883.

2. SAME—CONSTRUCTION OF TARIFF ACTS—"ARTICLE."

The word "article," as used in tariff acts. is not to be restricted to articles put in a condition for final use, but is used in a broad sense, and covers equally things manufactured, things unmanufactured, and things partially manufactured.

(*Syllabus by the Court.*)

At Law. Action to recover back customs duties.

The plaintiff in 1885 imported into the port of New York certain goods composed of India rubber with an admixture of sulphur and coloring matter, and known as "Dental Rubber," and used for the manufacture of the plates in which false teeth are set. The defendant, as collector of customs, classified them for duty at 25 per cent. *ad valorem* under the clause in Schedule N of the act of March 3, 1883, imposing that rate of duty upon "articles composed of India rubber, not specially enumerated or provided for in this act." Paragraph 454, Tariff Index, new. The plaintiff, by an alternative protest, claimed that the importations were free, either actually or by similitude, as "India rubber, crude, and milk of," or that they should pay only 20 per cent. *ad valorem* as a non-enumerated manufacture by virtue of section 2513 of the act of March 3, 1883. The testimony on one side and the other was substantially to the same effect, to-wit, that the articles in question were known in trade and commerce of this country at the time of the passage of the act and since as "Dental Rubber," and used exclusively by dentists for the uses above indicated; that there was prior to and on March 3, 1883, and has been since, an article known in trade and commerce of this country under the name of "Crude Rubber" which is not this article; that crude rubber is put to many uses other than those of dentists; that the importations in question, in the condition imported, are ready to go to the dentist for manipulation by him; that, commercially speaking, it has been spoiled for any other use; and that any further manipulation or manufacture prior to that applied to it by the dentists would unfit it for their purposes.

*Stephen G. Clarke* and *Charles Curie,* for plaintiff.

*Stephen A. Walker,* U. S. Atty., and *Macgrane Coxe,* Asst. U. S. Atty.

LACOMBE, J., (*orally, after stating the facts as above.*) Descriptive terms applied to articles of commerce are of course to be understood according to the acceptation given to them by commercial men in our own ports at the time of the passage of the act in which they are found. Under the testimony, therefore, these importations are not "crude rubber," or

"milk of rubber," enumerated on the free list, (paragraph 724;) and in fact the plaintiff, as I understand him, does not contend that they are. He claims, however, that under the similitude clause they are to be classified with crude rubber, and should thus pass free of duty.    In order to entitle them to the provisions of the similitude clause, (section 2499,) they must be non-enumerated.    Defendant contends that they will be found enumerated in paragraph 454 : "Articles composed of India rubber, not specially enumerated or provided for in this act, twenty-five per centum *ad valorem*."    It was at this rate that the collector assessed and collected duty.    If they are within the provisions of this paragraph, then they are not non-enumerated, and the similitude clause does not apply.    Plaintiff contends that the paragraph last quoted should be restricted to manufactured articles, to materials which are put in such condition that they are ready for final use.    The word with which the paragraph is begun is "articles," and this word we find repeatedly used in the statute, if not in contradistinction to, at least not as synonymous with, "manufactures."    In the very schedule in which paragraph 454 appears we find paragraph 441 : "Gutta-percha manufactures, and all articles of gutta-percha," and in paragraph 463 we find "all manufactures and articles of leather."    What, then, does the word "article" mean? Is it to be restricted to manufactures, to articles put in condition for final use, or is it not?    The ordinary definition of the word "article" is an extremely comprehensive one.    In the primary meaning, as given in the dictionaries, it designates one thing of many, one item of several, a portion of complex whole.    The best source, however, to which we should apply to determine the definition of a word used in a statute is the statute itself.    It is not to be assumed that the same word is used in the statute with two different meanings, unless that is made clearly apparent by the connection in which the word is used.    In section 2500 of the Revised Statutes, which is part of the tariff law, the word "article" is used as comprehending a growth, a product, or a manufacture.    Section 2502, which prescribes duties, begins: "There shall be levied, collected, and paid upon all articles imported from foreign countries," and then follows an enumeration from the crudest raw material to the most finished work of human industry.    The free list, section 2503, also begins: "The following articles, when imported, shall be free from duty."    It seems, then, from the act itself, that the word "articles" is used in a broad sense; that it covers equally things manufactured, things unmanufactured, and things partially manufactured.    That being so, I find nothing in the context of this paragraph to qualify the meaning which is indicated by its use elsewhere in the act, and am of the opinion, therefore, that the word "articles" at the beginning of the paragraph is sufficiently broad to cover the goods in question, if they are composed of India rubber. It appears that there is an admixture here of sulphur and of coloring matter, and to a considerable extent; but it has not changed the character of the article.    It is still rubber; and in view of the fact that the act of 1883 changed the former paragraph, as it stood in the Revised Statutes, by striking out the word "wholly" between the word "composed" and

the words "of rubber," I am of the opinion that the articles in suit are fairly within the enumeration of paragraph 454. Being enumerated, they are not within the operation of the similitude clause. For that reason, I shall direct a verdict for the defendant. Exception to the plaintiff.