## TIFFANY v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 8, 1896.)

### No. 37.

**CUSTOMS DUTIES—BRONZE STATUARY.**
> Bronze statuary, made by casting from a clay or plaster model, made by the artist, is not dutiable under paragraph 465 of the tariff act of October 1, 1890, as "statuary * * * wrought by hand * * * from metal," but as a manufacture of metal, under paragraph 215.

This is an appeal from a decision of the circuit court, Southern district of New York (65 Fed. 494), affirming the decision of the board of general appraisers, which sustained the collector of the port of New York in his classification of certain bronze statuary imported by the appellant, as dutiable under paragraph 215 of the tariff act of October 1, 1890, as manufactures of metal, at 45 per cent. ad valorem.

Wm. B. Coughty, for appellant.

Henry C. Platt, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. There is no dispute that these articles were properly classified for duty, unless they are covered by the provisions of paragraph 465 in the same act, which imposes a duty of 15 per cent. on statuary therein described. There is no contention that they are within the provisions of the free list (paragraph 677), which cover only statuary imported for the encouragement of the fine arts, and not intended for sale.

In the tariff act of 1883 statuary was provided for in paragraph 470, as follows:

"470. Paintings in oil or water colours, and statuary not otherwise provided for, thirty per centum ad valorem. But the term 'statuary,' as used in the laws now in force imposing duties on foreign importations, shall be understood to include professional productions of a statuary or of a sculptor only."

In the tariff act of 1890, under which the goods in suit were imported, this provision (numbered paragraph 465) is altered so as to read as follows (the material amendments are in italics):

"465. Paintings in oil or water colours and statuary not otherwise provided for in this act, *fifteen* per centum ad valorem; but the term 'statuary' as *herein* used shall be understood to include only such statuary as is *cut, carved or otherwise wrought by hand from a solid block or mass of marble, stone or alabaster, or from metal,* and as is the professional production of a statuary or sculptor only."

Bronze statues, such as were imported in this case, are made as follows: The artist, with palette and stick, makes a complete model in clay of his conception. This is put in the hands of a professional molder in plaster, who makes a plaster cast from it. This plaster cast is then put in the hands of a bronze founder, who pre-

pares a sand mold, into which bronze is cast, the result being the statue complete, except for smoothing, chasing, and touching up. The artist's handwork in preparing the clay model is in no sense the work which transforms the metal itself into the statue, and the fact that some "touching up" or smoothing or chasing is put upon the casting after it comes from the mold is not sufficient to entitle it to classification as statuary wrought by hand from metal, especially in view of the testimony of appellant's witness that there are bronze statues made from metal not by casting, but by beating. The amendment was inserted to accomplish a purpose, and its language is so plain and unambiguous that a construction which would eliminate it cannot be adopted. It manifestly excludes from the provisions of paragraph 465 all metal statuary which is not wrought by hand from the metal, and statuary which is substantially made by casting is not so wrought, although it may be afterwards surface-finished by workman or artist.

The decision of the circuit court is affirmed.