UNITED STATES v. JULIUS WILE BRO. & CO.

(Circuit Court of Appeals, Second Circuit.   April 14, 1904.)

No. 145.

1. CUSTOMS DUTIES—RECIPROCAL COMMERCIAL AGREEMENTS—SCOPE.

Reciprocal commercial agreements made with foreign countries under the authority of section 3, Tariff Act July 24, 1897, c. 11, 30 Stat. 203 [U. S. Comp. St. 1901, p. 1690], cannot legally extend the scope of said section.

2. SAME—RECIPROCAL AGREEMENT WITH FRANCE—CORDIALS—SPIRITS.

Cordials are within the provision for "spirits manufactured or distilled from grain or other materials," in section 3, Tariff Act July 24, 1897, c. 11, 30 Stat. 203 [U. S. Comp. St. 1901, p. 1690], and, when imported from France, are subject to the reduced rate of duty provided for such spirits in the reciprocal commercial agreement with that country, 30 Stat. 1774, negotiated under the authority of said section.

Appeal from the Circuit Court of the United States for the Southern District of New York.

The decision in question ([C. C.] 124 Fed. 1023) affirmed an unpublished decision of the Board of General Appraisers, which followed Nicholas v. U. S. (C. C.) 122 Fed. 892, and reversed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Julius Wile Bro. & Co.

A. H. Washburn and D. Frank Lloyd, for appellant.

Albert Comstock, for appellees.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

LACOMBE, Circuit Judge.   The tariff act of July 24, 1897, c. 11, § 1, Schedule H, 30 Stat. 173 [U. S. Comp. St. 1901, p. 1653], provides as follows:

"Par. 289.  Brandy and other spirits manufactured or distilled from grain or other materials, and not specially provided for in this act, two dollars and twenty-five cents per proof gallon."

"Par. 292 [30 Stat. 173 (U. S. Comp. St. 1901, p. 1654)].  Cordials, liqueurs, arrack, absinthe, kirschwasser, ratafia, and other spirituous beverages or bitters of all kinds, containing spirits, and not specially provided for in this act, two dollars and twenty-five cents per proof gallon."

Both sides agree that the cordials in controversy are of such a character that they would be covered by the phrase "spirits manufactured or distilled from grain or other materials" in paragraph 289, had they not been excepted from the provisions of such paragraph by the use

of the words "not specially provided for in this act," and by being specially enumerated in paragraph 292. The importers protested to the collector that duty should be assessed only at the rate of $1.75 per proof gallon. They rely upon the provisions of section 3 of the same tariff act (30 Stat. 203 [U. S. Comp. St. 1901, p. 1690]). The relevant portions of that section are as follows:

"Sec. 3. That for the purposes of equalizing the trade of the United States with foreign countries and their colonies, producing and exporting to this country the following articles: Argols, or crude tartar, or wine lees, crude; brandies or other spirits manufactured or distilled from grain or other materials; * * * the President be, and he is hereby authorized, as soon as may be after the passage of this act * * * to enter into negotiations with the governments of those countries exporting to the United States the above mentioned articles * * * with a view to the arrangement of commercial agreements in which reciprocal and equivalent concessions may be secured * * * and whenever the government of any country or colony producing and exporting to the United States the above mentioned articles * * * shall enter into a commercial agreement with the United States * * * which, in the judgment of the President, shall be reciprocal and equivalent, he shall be and he is hereby authorized * * * to suspend * * * by proclamation * * * the imposition and collection of the duties mentioned in this act on such article or articles so imported * * * and thereafter the duties * * * upon such article * * * shall be as follows, namely * * *

"Brandies, or other spirits manufactured or distilled from grain or other materials, one dollar and seventy-five cents per proof gallon," etc., etc.

Thereafter a reciprocal commercial agreement was concluded between the governments of the United States and the French Republic. 30 Stat. 1774. It provided, inter alia, that during its continuance the following articles of commerce, the product of the soil or industry of France, shall be admitted at rates of duty not exceeding the following, to wit:

"On brandies, or other spirits manufactured or distilled from grain or other materials, one dollar and seventy five cents per proof gallon." 30 Stat. 1775.

The French text of this provision reads:

"Cognacs, ou autres spiritueux, ou liqueurs fabriquees, provenant de la distillation de grains ou d'autres matieres, un dollar et soixante quinze cents par gallon."

Proclamation was duly made in conformity with section 3, and subsequently the cordials in controversy were imported.

The government contends that the commercial agreement cannot legally extend the scope of section 3 of the tariff act, a proposition which is undoubtedly sound. The only question in the case is as to the meaning of the words "brandy and other spirits manufactured or distilled from grain or other materials" as used in section 3. Reference is made to various authorities which hold that "it is not to be assumed that the same word is used in the statute with two different meanings, unless that is made clearly apparent by the connection in which the word is used." Junge v. Hedden (C. C.) 37 Fed. 197, affirmed 146 U. S. 233, 13 Sup. Ct. 88, 36 L. Ed. 953. And it is argued that because the phrase under discussion is found in paragraph 289, and that paragraph does not include cordials and liqueurs, the same phrase should not be construed to cover them when used in section 3. The

difficulty with this argument is that it starts with a false assumption. The phrase "brandy and other spirits," etc., in paragraph 289, is not of itself so narrow in scope as to exclude cordials. If it stood alone in that paragraph it would include them, and they are excepted from paragraph 289 only because the words "not specially provided for in this act" are inserted therein, and because the cordials and liqueurs are specially provided for in paragraph 292. Congress certainly understood that, except for these additional provisions, the phrase was broad enough to include cordials and liqueurs, and they added the provisions so as to make the exceptions which they wished to make in the ordinary duty schedule. But in section 3 the phrase "brandies, or other spirits manufactured or distilled from grain or other materials" is wholly unqualified by any exception or proviso, and it must be assumed that, for the purposes of that section, Congress intended to make no exception or proviso, thus leaving the phrase to comprehend such articles as it would naturally comprehend when unqualified by exception or proviso.

The decision of the Circuit Court is affirmed.