### UNITED STATES v. LUYTIES et al.

(Circuit Court of Appeals, Second Circuit. April 14, 1904.)

No. 166.

1. CUSTOMS DUTIES—RECIPROCAL AGREEMENT WITH FRANCE—PLACE OF EXPORTATION.

A bill of lading for certain merchandise was made out in Switzerland, but the invoice was certified by a United States consul in France, and the evidence showed France to have been the country of production, and from which the merchandise was exported. Held, that the importation was within the reciprocal commercial agreement with France and the United States, May 30, 1898, 30 Stat. 1774, negotiated under the authority of section 3, Tariff Act July 24, 1897, c. 11, 30 Stat. 203 [U. S. Comp. St. 1901, p. 1690].

Appeal from the Circuit Court of the United States for the Southern District of New York.

The decision of the Circuit Court (124 Fed. 977) affirmed an unpublished decision of the Board of General Appraisers, which followed Nicholas v. U. S. (C. C.) 122 Fed. 892, and reversed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Luyties Bros.

A. H. Washburn and D. Frank Lloyd, for the United States.
Wm. A. Kenner, for appellees.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. The principal contention advanced in argument is disposed of in our opinion in U. S. v. Julius Wile Bros. & Co., 130 Fed. 331, handed down to-day. An additional point is made that the article in question was not produced in and exported from France.

The absinthe was shipped from Basle, in Switzerland, by a through bill of lading via Antwerp to New York. The bill of lading is dated several days after the invoice, and the importer explained that Pontarlier, France, where the invoice is dated, was not a shipping point where the agents of the Red Star Line accept freight, and therefore the goods had to be sent first to Basle, where through bill of lading could be obtained. The invoice was consulated at Dijon, and there is no evidence in the case to controvert the statement of the special deputy collector that "the goods were imported   *   *   *   from France."

The decision of the Circuit Court is affirmed.