### C. B. RICHARD & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. February 17, 1907.)

No. 4,267.

CUSTOMS DUTIES—CLASSIFICATION—BRONZE STATUARY—RECIPROCAL AGREEMENTS.

The provision for "statuary" in Tariff Act July 24, 1897, c. 11, § 3, 30 Stat. 203 [U. S. Comp. St. 1901, p. 1692], and in the reciprocal commercial agreement with Italy (Act July 18, 1900, 31 Stat. 1979), negotiated under said section, has the same meaning as in section 1, Schedule N, par. 454, of said tariff act (30 Stat. 194 [U. S. Comp. St. 1901, p. 1678]), where it is prescribed that "the term 'statuary' as used in this Act shall be understood to include only such statuary as is cut, carved, or otherwise wrought by hand from a solid block or mass of marble, stone or alabaster, or from metal." Bronze statuary, not being covered by this definition, is therefore not covered by said reciprocal agreement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, § 143.]

On Application for Review of a Decision of the Board of United States General Appraisers.

This case involves the construction of the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 454, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1678], reading as follows:

"Statuary, not specially provided for in this act, twenty per centum ad valorem; but the term 'statuary' as used in this act shall be understood to include only such statuary as is cut, carved, or otherwise wrought by hand from a solid block or mass of marble, stone, alabaster, or from metal."

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

HOUGH, District Judge (after stating the facts). The subject of this protest is an art object brought from Italy and belonging to the

class of metal statuary ruled upon in Tiffany v. United States, 71 Fed. 691, 18 C. C. A. 297. In the ordinary acceptation of the word it is "statuary," but that word is given by paragraph 454 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1678]) a specific and peculiar definition, to be construed in accordance with the Tiffany Case, supra.

The protesting importer contends that the commercial agreement between the United States and Italy (Act July 18, 1900, 31 Stat. 1979), made pursuant to "the provisions of the third section of the tariff act" (of 1897), has so changed the statutory definition of the word "statuary," as to admit the article under consideration at the reduced rate of duty therein provided for. It was remarked in United States v. Wile, 130 Fed. 331, 64 C. C. A. 577, that a "commercial agreement cannot legally extend the scope of section 3 of the tariff act" (of 1897). The agreement there considered was with France, but the Italian agreement is entirely similar; and it cannot change the definition of "statuary" contained in paragraph 454, nor does it purport so to do.

In the Wile Case, supra, the court found two categories to which the article under consideration could be referred—one general and one specific. The agreement with France modified the duty upon all articles in the general category, and that necessarily contained and controlled the more specific description. Such is not the case here. Statuary is mentioned in and defined by paragraph 454 only, and the word must mean the same thing in section 3 as it does in paragraph 454 of the same statute, and such signification is not and cannot be varied by the commercial agreement above referred to.

The decision of the Board of Appraisers is affirmed.