Mr. Chief Justice TANEY
 

 delivered the opinion of the court.
 

 . This case, comes before the court upon a writ 'pf error directed to the Circuit Court for the sotitheril- district of New York. The action was brought by the defendants in error against the plaintiff, who was the collector of the port of New York, to recover back $4500, which had been paid,'under protest, as duties upon, certain goods imported into the port of New York, in April, 1841. The goods in question .were-gunny cloths, and were charged by the collector as cotton bagging. . ' .
 

 The defendants in error offered evidence to show that, in 1832, when the law passéd imposing the duty on cotton bagging, the article in question was not used, or known as cotton bagging; that it was then only seen in the form of bags for India goods; that the first importation iof gunny cloth, to be used as cotton bagging, was in 1834. It is made from the yute grass.
 

 The plaintiff in error, proved that these goods, at the time of the
 
 *109
 
 importation, were-Known in commerce as cotton bagging; that they were made of the proper, width for that purpose, and/ for several years before this importation, gunny cloths had been imported and used for cotton bagging; and that the goods in question were imported from Dundee, in Scotland'.
 

 Upon this evidence, the counsel for the defendant contended that if the jury found that the .article gunny cloth was, in commercial understanding,. known as co.tton bagging, at-the time of its importation, it was subject to a duty; and that the term cotton bagging, according to the commercial understanding of the phrase, signified any fabric, without regard to the material of which it was made, that was used to bale or cover cotton, and prayed the court so to charge the jury.
 

 His. honour the jud¿e refused so to charge the jury; but, on the contrary thereof, charged that the point upon which this case turns is for the decision of the ' jury, viz.: whether the article in question in this case was known as cotton bagging in the year 1832, when the. tariff act was passed. It has long been a settled rule of construction of revenue laws,- imposing duties on articles of a specified denomination, to' construe' the article according to the designation of such article, as understood and known in commerce, and not with reference to the materials of which they may be made, or the use to which they might be applied.. Nor ought such laws to be construed as embracing all articles which might subsequently be applied to the same use and purpose as the specific article. If it had been the intention- of Congress to impose the duty upon all articles'used for bagging cotton, the language of the. act would have been different, and in terms prospective, adapted , to such purpose. It has been argued, on the part,.of the United States, that the duty was .intended to be. laid on all articles used for bagging cotton, because-the duty is laid on option bagging “without regard to weight or measure.”1 These terms, “ weight or measure,” were intended to. apply to different materials then in úse for bagging cotton, such as hemp, flax, and sometimes cotton cloth, &c., and not to any new articles that might thereafter be applied to that use. .So that the whole question of met for the jury is whether gunny cloth was, , in commercial understanding, known as cotton bagging when the law was passed laying the duty,, in Í832?. If it was not, they will, find for the plaintiff's; if it was, they will And for the defendant.
 

 To this charge, in every respect, thedefendant’s- counsel excepted.
 

 ' The jury, found a verdict for the plaintiffs for $4543 IT, and six cents costs.
 

 The question brought up by this exception cannot now be considered as an open one. In the case of the United States
 
 v.
 
 200 chests of tea, 9 Wheat. 438, the court decided that in imposing duties Congress must be understood as describing the article upon which the duty is imposed according to. the commercial understanding of the terms used in the law, in our own markets. This doctrine
 
 *110
 
 was re-affirmed in the case of the United States
 
 v.
 
 112 casks of sugar, 8 Peters, 277, and again in 10 Peters, 151, in the case of Elliott
 
 v.
 
 Swartwout. It follows that the duty upon cotton bagging must be considered as imposed upon those articles only which were known and understpod as such in commerce in the year 1832, when the law was passed'imposing the duty.
 

 In the cáse before us, the Circuit Court followed the rule of construction aboye stated, arid it has béen followed also in every circuit where the question has arisen. The judgment is therefore affirmed.