### DENNISON MANUF'G CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 20, 1896.)

1. CUSTOMS DUTIES—CLASSIFICATION—COMMERCIAL DESIGNATION.
   A commercial designation, established after the passage of a tariff law, does not determine the classification of the article in question.

2. SAME—CREPE TISSUE PAPER.
   The article now known as "crepe tissue paper" or "crepe tissue," but which had acquired no such designation in commerce prior to October 1, 1890, being a crimped or crinkled paper, much heavier than ordinary tissue paper, weighing from 24 to 48 pounds to the ream, and made of tougher and stronger stock, is not dutiable as "tissue paper," under paragraph 419 of the act of 1890, but is classifiable under paragraph 422, as "all other paper not specially provided for," and subject to a duty of 25 per cent. ad valorem. 66 Fed. 728, reversed.

This is an appeal from a decision of the circuit court, Southern district of New York, affirming a decision of the board of general appraisers, which sustained the collector of the port of New York, in his assessment of duty upon certain importations as "tissue paper."

Chas. H. McDonald, for appellant.
James J. Van Rensselaer, for appellee.
Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge.	The tariff act of October 1, 1890, contains the following provisions.

"Par. 419.	Papers known commercially as copying paper, filtering paper, silver paper, and all tissue paper, white or colored, made up in copying books, reams or in any other form, eight cents per pound, and in addition thereto 15% ad valorem; albumenized or sensitive paper, 35% ad valorem."

"Par. 422.	Paper hangings or paper for screens or fire boards, writing paper, drawing paper, and all other paper not specially provided for in this act, 25% ad valorem."

"Par. 425.	Manufactures of paper, or of which paper is the component material of chief value, not specially provided for in this act, 25% ad valorem."

The collector classified the merchandise in suit under paragraph 419.	The importer duly protested, claiming that it should be classified under either paragraph 422 or paragraph 425.	The board of general appraisers sustained the collector, but say in their opinion:

"We should be inclined to doubt the propriety of its classification as tissue paper, but for the commercial designation given by the manufacturers, importers, and sellers of the article."

The circuit court affirmed the board, but evidently with considerable doubt.

In this particular case, the question raised cannot be determined, as it so frequently is in other cases, by a reference to "commercial designation."	It is assumed that congress uses denominative words in tariff acts with the intention that they shall convey the same meaning that they do in trade and commerce.	But this assumption presupposes a commercial meaning established at the time when congress uses the words.	It is not to be supposed that it affixes to them any peculiar meaning which becomes established in trade only after the tariff act is passed.	Of the article in suit the board says, on May 4, 1893:

"It is a novelty known in the trade here only during the last two or three years."

The evidence fully sustains this finding.	There seem to have been a few importations prior to October 1, 1890, and a few sales of the goods thus imported, all subsequent to June 9, 1890, the appellant being the sole importer; but it was not generally known to the trade until after the passage of the act.	Down to October 1, 1890, it was referred to, in commercial documents, generally, as "crepe paper," and sometimes as "crepe tissue paper," or "crepe tissue."	There is no proof, however, of any such established, definite, uniform, and general designation of the article in this country, prior to October 1, 1890, as should, under the decisions, require its classification as tissue paper, if it be not tissue paper in fact. Curtis v. Martin, 3 How. 106; Twine Co. v. Worthington, 141 U. S. 468, 12 Sup. Ct. 55; Rossman v. Hedden, 145 U. S. 561, 12 Sup. Ct. 925; Maddock v. Magone, 152 U. S. 368, 14 Sup. Ct. 588.

Tissue paper is defined, by one of the witnesses, as "a thin paper, of size 20 by 30, weighing, in white, from about 4 or 4½ to 6 or 7 pounds, at most, and, in colors, from 5 to 8 pounds, to the ream." The other evidence is in substantial accord with this statement, although some of the witnesses increase the limit of weight to 10

or 12 pounds. It is of smooth surface, and is used for printing, wrapping, interleaving in binding, and making copying books, and, of course, for manufacture into other articles. The crepe paper, as its name implies, is crimped or crinkled, is very much ·heavier, weighing from 24 to 48 pounds to the ream, is made of much tougher and stronger stock, and sells for a dollar a pound (tissue paper sells for 65 to 80 cents a ream) is not adapted for use in printing, wrapping, interleaving, or making copying books, and cannot be produced by a tissue-paper machine. Exactly how the paper in suit is made does not appear, the method of manufacture being a trade secret. There is a suggestion in the record that it is made direct from the pulp, without being, at any time during the process, in the condition of smooth-surface tissue paper; but the evidence on this point is not competent. A domestic manufacturer (called by the government), who makes a similar article, not quite so tough so far as samples indicate, testified that he makes his product from a special variety of tissue paper uncalendered. He admits, however, that if he sent out for a ream of tissue paper, and received a ream like the importation, he would "decidedly consider" that his order was not filled. He takes the special tissue paper, colors and dampens it, and then subjects it to the action of a machine of his own, not a tissue-making machine. By this process the paper is increased in value about five times, and the witness adds that he "certainly considers it a manufacture of paper." We are of the same opinion. The article has been advanced beyond the condition of tissue paper into something else, which may fairly be called a manufacture of paper, but which, since it is still paper, and paper only, may more appropriately be classified among the "all other paper" of paragraph 422.

The decision of the circuit court is reversed.