ALFRED H. SMITH CO. v. UNITED STATES.

(Circuit Court, S. D. New York.   January 10, 1906.)

No. 3,956.

CUSTOMS DUTIES—CLASSIFICATION—RUBBER SPONGES.

Paragraph 82, Schedule A, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 193 [U. S. Comp. St. 1901, p. 1631], relating to "sponges," does not include rubber sponges, which are not within the dictionary definition of that term.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,944 (T. D. 26,091), affirming the assessment of duty by the collector of customs at the port of New York.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for importer.

D. Frank Lloyd, Asst. U. S. Atty.

HAZEL, District Judge. The importation consists of a manufacture of india rubber and is thought by the court to be dutiable under paragraph 449 of the tariff act of July 24, 1897 (30 Stat. 193, c. 11 [U. S. Comp. St. 1901, p. 1678]), at the rate of 30 per cent. ad valorem. The importers claim that the merchandise are sponges, and therefore dutiable under paragraph 82 of the existing tariff law (30 Stat. 155 [U. S. Comp. St. 1901, p. 1631]), which reads as follows:

"Sponges, twenty per centum ad valorem; manufactures of sponges, or of which sponge is the component material of chief value, not specially provided for in this act, forty per centum ad valorem."

The testimony of the importers is to the effect that the so-called sponges are commercially known as "Kleanwell Sponges," and were imported into the United States after the passage of the present tariff act. The doctrine of commercial designation, however, is inapplicable, as Congress could not have intended to include the article in question under paragraph 82, where denominative language is used without any qualification. Such use of words denotes an intention to simply include the commercial article then known in trade and commerce. Moreover, it has often been held that the commercial designation must have been the result of trade usage prior to the passage of the tariff laws (Maddock v. Magone, 152 U. S. 368, 14 Sup. Ct. 588, 38 L. Ed. 482; Dennison Mfg. Co. v. United States, 72 Fed. 258, 18 C. C. A. 543), and not be a commercial designation after the enactment of the statute. The protestants, apparently, are the principal importers in this country of merchandise such as here considered. They extensively advertised the same for sale as the "Kleanwell Sponges." Such designation, as already stated, cannot be held to come within the established rule that the commercial designation shall be uniform and definite in this country. The dictionary definition of the word "sponge" is not so comprehensive as to include a manufacture of india rubber in resemblance of a natural sponge, even though such manufacture is confessedly useful and convenient in bathing. If the article were a natural growth or existence, and came within the proper definition of a sponge, undoubtedly a different conclusion would be warranted. Mathason v. United States (C. C.) 90 Fed. 276. But I think it may fairly be assumed that Congress, in establishing the rate of duty upon sponges, had in mind the sponge fiber and its complicated framework, an aqueous product, and not the arbitrary designation afterward given to the manufacture in question.

The decision of the Board of General Appraisers is affirmed.