LOEB & SCHOENFELD v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.  December 4, 1906.)

No. 55 (3,341).

**1. CUSTOMS DUTIES—CLASSIFICATION—EMBROIDERY COTTON.**

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 303. 30 Stat. 175 [U. S. Comp. St. 1901, p. 1656], for "embroidery cottons," does not include so-called "No. 60 5-ply" thread or yarn used in embroidering machines, which is shown not to be within the class commercially known as "embroidery cottons."

**2. SAME—COMMERCIAL DESIGNATION—CHIEF USE.**

Because it appears that the expression "embroidery cottons," in Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 303, 30 Stat. 175 [U. S. Comp. St. 1901, p. 1656], was a well-known commercial term when the act was passed, and there is nothing in the phraseology of the law to indicate that Congress intended to make chief or individual use the test for classification rather than the commercial meaning of said expression, *held,* that the provision was not intended to include any article not commercially known as "embroidery cottons."

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the Circuit Court, Southern District of New York (143 Fed. 698), sustaining a decision of the Board of General Appraisers affirming the classification of certain imported articles for duty under the Tariff Act July 24, 1897, c. 11, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626].

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for importers.

Charles Duane Baker, Asst. U. S. Atty.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. The importation is cotton thread or yarn, of the size and twist known as "No. 60 5-ply yarn," put up on paper bobbins, universally wound. The importation was intended for use in embroidering fabrics by a machine and was classified as "embroidery cotton." The relevant paragraphs are:

"302. Cotton thread and carded yarn, warps or warp yarn, * * * colored, bleached, dyed, combed or advanced beyond the condition of singles by grouping or twisting two or three single yarns together, whether on beams, or in bundles, skeins or cops, or in any other form, except spool thread of cotton hereinafter provided for, * * * or all numbers exceeding number twenty and up to number eighty, one-fourth of one cent per number per pound. * * *

"303. Spool thread of cotton, including crochet, darning, and embroidery cottons on spools or reels, containing on each spool or reel not exceeding one hundred yards of thread, six cents per dozen; exceeding one hundred yards on each spool or reel for every additional hundred yards or fractional part thereof in excess of one hundred, six cents per dozen spools or reels; if otherwise

than on spools or reels, one-half of one cent for each one hundred yards or fractional part thereof: Provided, That in no case shall the duty be assessed upon a less number of yards than is marked on the spools or reels." Act July 24, 1897, c. 11, § 1, Schedule I, 30 Stat. 175 [U. S. Comp. St. 1901, pp. 1655, 1656].

The Board of General Appraisers and the Circuit Court sustained the classification upon the ground that it was very plain that the chief use to which this merchandise was put was that of embroidery cotton in connection with machines, and that the case was controlled by Magone v. Wiederer, 159 U. S. 555, 16 Sup. Ct. 122, 40 L. Ed. 258.

We are unable to concur in this conclusion, because it appears that "embroidery cotton" was a well-known commercial term when the act of 1897 was passed, and there is nothing in the phraseology of the paragraph to indicate that Congress intended to make "chief use" or "individual use" the test for classification rather than the commercial meaning of the words it used. The testimony as to commercial designation which was taken before the Board was indefinite and unsatisfactory, but after the cause same into the Circuit Court three fully competent witnesses, associated for many years with the largest wholesale dealers in embroidery cotton, testified to the meaning of those words in trade and commerce on and prior to July 24, 1897, and that this No. 60 5-ply yarn was not within the class of embroidery cottons.

The decision of the Circuit Court is reversed.