FIEGEL V. UNITED STATES.

---

FIEGEL v. UNITED STATES.

(Circuit Court, S. D. New York. March 2, 1908.)

No. 4,659.

CUSTOMS DUTIES—CLASSIFICATION—"CREPE PAPER."
   In Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 397, 30 Stat. 188 (U. S. Comp. St. 1901, p. 1671), providing for "crepe paper," the term quoted is a descriptive term referring to the process of manufacture, and paper which has been subjected to a creping process is within the provision.

On Application for Review of a Decision by the Board of United States General Appraisers.
   For decision below, see G. A. 6,471 (T. D. 27,683).

Comstock & Washburn (Albert H. Washburn, of counsel), for importer.

J. Osgood Nichols, Asst. U. S. Atty.

HOUGH, District Judge. Paragraph 397 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule M, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1671]) provides for (inter alia) "crepe paper." The corresponding paragraphs of the act of 1894 (Act Aug. 27, 1894, c. 349, § 1, Schedule M, par. 307, 28 Stat. 532) and 1890 (Act Oct. 1, 1890, c. 1244, § 1, Schedule L, par. 419, 26 Stat. 599), contained no reference to crepe paper, and that phrase appears first in the act now in force. The importation under consideration is "paper," in the sense that it is clearly made of paper stock. It weighs, before creping or crinkling, about 50 pounds to the ream. It is partially, at all events, waterproof, and is used largely, if not principally, for the purpose of ornamentally covering flower pots or other receptacles for flowers sold by florists, and usually rather damp. It is not denied that this paper has been creped or crinkled by a machine similar in construction and operation to that producing crepe tissue paper, or crepe tissue, such as has been long known to the trade.

The importation has been assessed under paragraph 397, and appellant alleges that it is dutiable only as paper not otherwise provided for, under paragraph 402. The importer relies upon the principle of Loeb & Schoenfeld v. United States, 150 Fed. 327, 80 C. C. A. 211, asserting that crepe paper was a well-known commercial term when the act of 1897 was passed, and that there is nothing in the phraseology of the act indicating that Congress intended by the phrase "crepe paper" anything else but the particular article then known to the trade by that name. In other words, the question is whether "crepe paper" is a descriptive term or a trade term. The phrase is also said to be a commercial designation, because it seems to have been inserted in paragraph 397 to meet the decision in Dennison Manufacturing Co. v. United States, 72 Fed. 258, 18 C. C. A. 543.

If that be true, it appears to me that, from the description of the article there under consideration, as reported in 72 Fed., at page 260, 18 C. C. A. 543, the paper now before the court very much resembles in weight, manufacture, and probable appearance the thing considered in the Dennison Case. That decision held no more than that an article weighing up to about 48 pounds to the ream, made of much tougher and stronger stock than tissue paper, and known as "crepe paper," and incapable of manufacture upon a tissue paper machine, could not be assessed as tissue paper. So far, therefore, as that case goes, it appears to me to hold against the petitioner (appellant). From the evidence I am left in doubt whether the article under consideration is or is not commercially known as "crepe paper." The decision of the board is that it is so known. The presumption in favor of this finding of fact, therefore, prevents a disturbance of it. I am also of opinion that the phrase "crepe paper," as used in the paragraphs referred to, is properly a descriptive term, referring to the method of manufacture, and is not a trade term at all.

Decision affirmed.