## FIEGEL v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   January 12, 1909.)

No. 104 (4,659).

CUSTOMS DUTIES (§ 36*)—CLASSIFICATION—"CREPE PAPER."

The provision for "crepe paper" in Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 397, 30 Stat. 188 (U. S. Comp. St. 1901, p. 1671). was intended to apply to paper that has been subjected to a creping process; and a paper made by that process and resembling crepe paper generally, but somewhat heavier, and treated with sizing for waterproofing purposes, is dutiable under that provision.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. §§ 115–120; Dec. Dig. § 36.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

The Circuit Court affirmed the decision of the Board of General Appraisers (G. A. 6,471, T. D. 27,683), sustaining the action of the collector in assessing the imported merchandise as "crepe paper" under Act July 24, 1897, c. 11, § 1, Schedule M, par. 397, 30 Stat. 188 (U. S. Comp. St. 1901, p. 1671).   The decision below is reported in 160 Fed. 285.

Comstock & Washburn (Albert H. Washburn, of counsel), for appellant.

J. Osgood Nichols, Asst. U. S. Atty.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge.   The imported merchandise was assessed by the collector as "crepe paper" under Act July 24, 1897, c. 11, § 1, Schedule M, par. 397, 30 Stat. 188 (U. S. Comp. St. 1901, p. 1671), which is as follows:

397. Papers commonly known as copying paper, stereotype paper, paper known as bibulous paper, tissue paper, pottery paper, and all similar papers, white, colored or printed, weighing not over six pounds to the ream,   *   *   * six cents per pound and fifteen per centum ad valorem;   *   *   *   crepe paper and filtering paper, five cents per pound and fifteen per centum ad valorem.

The importer insists that the paper in question should have been classified under paragraph 402 "as paper not specially provided for in this act, 25 per centum ad valorem."   30 Stat. 188, 189.

The term "crepe paper" appears for the first time in the tariff act of 1897.   The paper in question is illustrated by an exhibit introduced before the board and presented at the argument in this court. In general appearance it bears a close resemblance to the exhibit conceded by both sides to be crepe paper.   The only differences pointed out are that the paper in question is heavier and contains sizing, which renders it available for covering flower pots, which is its principal use.   It is not strictly, but only relatively, waterproof; sufficiently so, perhaps, for the purposes to which it is intended to be applied. It has been passed through the creping machine and bears the same resemblance to the silk fabric, from which it derives its name, as the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r.Indexes

crepe paper in existence at the date of the passage of the act. We find nothing in the law or in the testimony to indicate that crepe paper must be confined to paper of a certain, unvarying weight. In Dennison Company v. United States, 72 Fed. 258, 18 C. C. A. 543, this court decided that "crepe tissue paper" should not be classified as tissue paper under the act of 1890, for the reason that it was crinkled to resemble crepe, was tougher than tissue paper, weighed from 24 to 48 pounds per ream and sold for $1 a pound, whereas tissue paper sold for from 65 to 80 cents per pound. Obviously, weight is not a controlling factor if this court was correct in holding that crepe paper might vary in weight from 24 to 48 pounds per ream. Neither can the sizing introduced to make it applicable for a particular use change its tariff nomenclature.

Indeed, it may be noted that, in the manufacture of crepe, size or gum is used to thicken the threads of the warp, inducing a tendency to curl and produce the appearance desired. Whether a similar result would be produced by the use of size on paper does not appear; but it is manifest, we think, that Congress did not intend to relegate merchandise which would otherwse be crepe paper to the general catch-all clause because additional sizing has been used. We are convinced that Congress intended that paper which has been subjected to the creping process, its value being largely increased thereby, and which presents the peculiar crinkled effect shown in both the exhibits in evidence, should pay duty as crepe paper. We find nothing in the authorities cited by appellant in conflict with this view.

The decision of the Circuit Court is affirmed.